**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA BATISTA,<br><br>Plaintiff,<br><br>v.<br><br>MINA SALEEB, JAMES DENOBLE III, SAMEH HANNA, BAYONNE POLICE DEPARTMENT, CITY OF BAYONNE, TUMINO'S TOWING,<br><br>Defendants. | Case No. 2:26-cv-04064 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Defendants Mina Saleeb ("Saleeb"), James DeNoble III ("DeNoble"), Sameh Hanna ("Hanna"), Bayonne Police Department, and the City of Bayonne (the "City") (collectively, the "City Defendants"), and Tumino's Towing ("Tumino's") (together, "Defendants") respective motions to dismiss *pro se* Plaintiff Joshua Batista's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF Nos. 12, 13). Plaintiff opposed both motions. (ECF No. 16.) Defendants filed a reply. (ECF No. 18.) Plaintiff filed a sur-reply. (ECF No. 22.)

Also before the Court is Plaintiff's motion for a preliminary injunction pursuant to Rule 65 and Local Civil Rule 65.1. (ECF No. 10.) Defendants opposed the motion (ECF No. 15), and Plaintiff filed a reply (ECF Nos. 17).

Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Defendants' respective motions to dismiss are **GRANTED,** Plaintiff's

Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**, and Plaintiff's motion for a preliminary injunction (ECF No. 10) is **DENIED AS MOOT**.

## I. BACKGROUND

For the purpose of this motion, the Court attempts to glean the factual allegations through liberal construction of the complaint and accepts those allegations as true, drawing all inferences in the light most favorable to the *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))). *But see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[*P*]*ro se* litigants still must allege sufficient facts in their complaints to support a claim. And they still must serve process on the correct defendants. At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (citations omitted)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A. Factual Background

On July 21, 2025, one of Plaintiff's neighbors called to inform him that multiple Bayonne Police Department officers had surrounded his 2015 Audi Q7 (the "Vehicle").[1] (ECF No. 1 ¶¶ 11,

[1] Although it is unclear whether the initial officers included Saleeb, DeNoble, or Hanna (ECF No. 1 ¶¶ 11, 13), Plaintiff maintains that each of these defendants was involved in the seizure, impoundment, and towing of the Vehicle (*id.* ¶¶ 7–9).

13.) Plaintiff arrived at the location ten minutes later, at which time he "observed multiple marked police vehicles and several officers surrounding and asserting . . . physical control over his property." (*Id.* ¶ 15.) Defendants[2] eventually towed and impounded the Vehicle pursuant to "Title 39" of the New Jersey States Annotated.[3] (*Id.* ¶¶ 22, 27, 44, 54.) After Plaintiff's repeated inquiries into whether any citation or ticket would be issued, Defendants responded "'no' each time."[4] (*Id.* ¶ 24.) According to Plaintiff, "[n]o Defendant issued [a] citation, summons, or ticket to Plaintiff at the scene." (*Id.* ¶ 23.) Plaintiff considers Defendants' impoundment and "fee conditioned" release of the vehicle unlawful. (*Id.* ¶¶ 103, 132.)

### B. Procedural History[5]

#### 1. State Court Action

Based on the aforementioned incident, on July 22, 2025, Plaintiff filed suit against Defendants (except the Bayonne Police Department) in the Superior Court of New Jersey, Hudson County (the "State Court Action"). (Civ. A. No. 25-14943, ECF No. 1 at 6–17). The complaint alleged nine causes of action: (1) violation of the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983 (Count I); (2) conversion and trespass (Count II); (3) civil conspiracy pursuant to § 1983 (Count III); (4) abuse of authority (Count IV); (5)

---

[2] Tumino's is the towing company that towed the Vehicle. (ECF No. 1 ¶¶ 22, 27.)

[3] Title 39 of the New Jersey States Annotated contains statutes that pertain to New Jersey's motor vehicle laws. *See Austin v. Dionne*, 909 F. Supp. 271, 275 (E.D. Pa. 1995) (describing Title 39 as the legal scheme involving "actions relating to motor vehicles and traffic regulations").

[4] Plaintiff uses the term "Defendants" generally and does not differentiate between the individual defendants. (*See, e.g.*, ECF No. 1 ¶ 24.)

[5] The Court takes judicial notice of prior court proceedings, "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Mansfield v. Newark Pub. Sch.*, Civ. A. No. 19-12418, 2020 WL 113978, at *2 (D.N.J. Jan. 9, 2020) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)).

defamation (Count V); (6) violations of the Lanham Act pursuant to 15 U.S.C. § 1125 (Count VI); (7) conspiracy pursuant to 18 U.S.C. § 241 (Count VII); and (8) deprivation of rights pursuant to 18 U.S.C. § 242 (Count VIII); and (9) breach of peace pursuant to N.J. Stat. Ann. § 2C:33-2 (Count IX). (*Id.* at 17–40.) On August 27, 2025, Tumino's sought to remove the case to this Court. (*Id.*). Plaintiff filed a motion to remand on September 3, 2025, which this Court granted on January 12, 2026. (Civ. A. No. 25-14943, ECF No. 7.) Ultimately, Hon. Susanne Lavelle, J.S.C., the state court judge assigned to this matter, dismissed the case on February 27, 2026. (ECF No. 12-4 at 4.)

**2. Federal Court Action**

On April 16, 2026, Plaintiff filed a second suit against Defendants (the "Federal Court Action"). (ECF No. 1.) On May 11, 2026, Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. (ECF No. 10.) Three days later, the Court denied Plaintiff's motion for a TRO but ordered the Clerk's Office to set the motion for a preliminary injunction for June 15, 2026. (ECF No. 11.) Defendants filed an opposition on June 1, 2026 (ECF No. 15), and Plaintiff filed a reply in further support of that motion on June 8, 2026 (ECF No. 17).

City Defendants filed a motion to dismiss on May 29, 2026 (ECF No. 12), and Tumino's filed its motion to dismiss three days later (ECF No. 13). Plaintiff opposed Defendants' respective motions on June 8, 2026. (ECF No. 16.) On June 22, 2026, Defendants filed a reply in further support of their respective motions to dismiss. (ECF No. 18.) Plaintiff filed a motion for leave to file a sur-reply two days later. (ECF No. 19.) Given Plaintiff's *pro se* status, the Court granted Plaintiff's motion. (ECF No. 20.) On July 2, 2026, Plaintiff timely filed his sur-reply. (ECF No.22-2.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the . . . plead[ed] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (internal quotation marks omitted). In assessing plausibility, the Court may not consider

any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220).

## III. DECISION

Relying on New Jersey's Entire Controversy Doctrine, Defendants argue all claims brought in Plaintiff's Federal Court Action should be dismissed because all these claims could have been brought in the State Court Action. (ECF No. 12-1 at 12–14; ECF No. at 12–14.) Plaintiff insists, however, Entire Controversy Doctrine provides no basis for the Court to dismiss his claims because: (1) the State Court Action was not expressly dismissed with prejudice, so it is not a final merits adjudication, and (2) the State Court Action and Federal Court Action contain facts and claims that are "material[ly] differen[t]." (ECF No. 16 at 10–16.)

Defendants, however, disagree. (ECF No. 18 at 2–7.) Notwithstanding the differences between the facts and claims, Defendants contend all claims brought in the Federal Court Action "aris[e] from the impound on July 21, 2025" and "could have and should have been raised in the [State Court Action] and, thus, are barred in a second action." (*Id.* at 5.) Alternatively, Defendants

argue dismissal is warranted because the Court "must give full faith and credit to the rulings by the Superior Court of New Jersey." (*Id.* at 5–6.)

In his sur-reply, Plaintiff again disputes the applicability of the Entire Controversy Doctrine, suggesting Defendants mistakenly treat Plaintiff's "later-ripened injury as if it existed before it [actually] occurred." (ECF No. 22-2 at 4.) While Plaintiff "does not dispute that federal courts [should] give proper effect to valid state-court judgments," Plaintiff claims Defendants are asking this Court to "stretch[]" the prior judgment "to adjudicate facts, injuries, and refusals that were not before the state court." (*Id.* at 4–5 (citing 28 U.S.C. § 1738).)

The Court disagrees with Plaintiff's arguments. The claims brought in the Federal Court Action were either already dismissed by Judge Pavelle or are claims Plaintiff could have brought in the State Court Action. In short, the Entire Controversy Doctrine bars Plaintiff's claims.

The Entire Controversy Doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *Wadeer v. N.J. Mfg. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (quoting *Highland Lakes Country Club & Cmty. Ass'n v. Nicastro*, 988 A.2d 90, 91 (N.J. 2009)). Generally, when determining whether subsequent claims should be barred under the doctrine, "the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions." *Wadeer*, 110 A.3d at 27 (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1999)). Ultimately, "[t]he doctrine's purposes are to 'encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency.'" *Bank Leumi USA v. Kloss*, 331 F. Supp. 3d 404, 408 (D.N.J. 2018) (quoting *K-Land Corp. No. 28 v. Landis Sewerage*

*Auth.*, 800 A.2d 861, 868 (N.J. 2002)). The application of the Entire Controversy Doctrine is limited, as "the party whose claim is being sought to be barred must have had a fair and reasonable opportunity to have fully litigated that claim in the original action." *Bank Leumi*, 331 F. Supp. 3d at 409 (quoting *Fisher v. Yates*, 637 A.2d 546, 552 (N.J. Super. Ct. App. Div. 1994)).

> Per the New Jersey Supreme Court, for claim preclusion to apply "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one."

*Howard v. Wells Fargo Bank, N.A.*, 733 F. Supp. 3d 352, 355 (D.N.J. 2024), *aff'd*, No. 24-2010, 2024 WL 4890984 (3d Cir. Nov. 26, 2024) (alteration in original) (quoting *McNeil v. Legis. Apportionment Comm'n of the State of N.J.*, 828 A.2d 840, 859 (N.J. 2003)).

**A. Entire Controversy Doctrine**[6]

**1. Valid, Final, and on the Merits**

The Court begins with the question of whether the judgment from the State Court Action is "valid, final, and on the merits." *Id.* For the reasons set forth below, it is.

**a. Validity**

Plaintiff does not argue that the State Court Action was not valid (ECF No. 16 at 12–16)—"because, for example, the court there lacked jurisdiction." *Howard v. Wells Fargo Bank, N.A.*, 733 F. Supp. 3d 352, 355 (D.N.J. 2024), *aff'd*, Civ. A. No. 24-2010, 2024 WL 4890984 (3d Cir. Nov. 26, 2024) (first citing *Velasquez v. Franz*, 589 A.2d 143, 147 (N.J. 1991); and then citing

---

[6] "To evaluate . . . Defendant[s'] claim preclusion argument, the Court looks to the law of the state where the judgment was entered." *Howard v. Wells Fargo Bank, N.A.*, 733 F. Supp. 3d 352, 355 (D.N.J. 2024), *aff'd*, No. 24-2010, 2024 WL 4890984 (3d Cir. Nov. 26, 2024). Here, that is New Jersey. (ECF No. 12-4.)

*Second Nat'l Bank of Phila. v. Thompson*, 56 A.2d 492, 499 (N.J. Ch. 1947)). In short, the State Court Action was valid.

**b. Finality**

Although Plaintiff disagrees, the dismissal of the claims in the State Court Action was with prejudice. In her oral ruling, Judge Pavelle dismissed each of the claims "with prejudice" because they were not legally cognizable, and discovery would not provide any legally cognizable claims.[7] (ECF No. 12-3 at 5–9.) Her corresponding orders incorporate by reference her reasons for dismissal. (ECF No. 12-4 at 3, 5 ("[T]he Complaint . . . is hereby dismissed[] . . . [f]or the reasons stated on the record on February 27, 2026.").) Simply put, the Court discerns no ambiguity between Judge Pavelle's orders and her oral ruling, which is effectively her oral opinion. *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020).

The court's docket, however, includes the following: "Case Disposition: Dismissed [b]y Court *Without Prejudice*." Docket Header, *Batista v. City of Bayonne*, HUD-L-2766-25 (N.J. Super. Ct. Feb. 27, 2026) (emphasis added). The question becomes whether this inconsistency creates the kind of uncertainty that counsels "constru[ing] the ambiguity[y] against claim preclusion." *Papera*, 948 F.3d at 611. It does not.

As other courts have explained, "where there is [a] conflict between the docket entry and [a] . . . [c]ourt's orders, the docket entry is not dispositive," particularly where the court's opinion

---

[7] Judge Pavelle did not expressly dismiss the first count in the State Court Action on the basis that discovery would not provide a basis for relief—she only did so because "[P]laintiff fail[ed] to present a legally-cognizable claim." (ECF No. 12-3 at 5.) However, when ruling from the bench, she explained that "dismissal is the appropriate remedy" "if a complaint fails to provide a basis for relief *and* discovery would not provide one." (*Id.* at 4.) So, while there is no question Judge Pavelle dismissed each claim with prejudice, the Court construes Judge Pavelle to have dismissed the first count in the State Court Action not only because Plaintiff had "fail[ed] to present a legally-cognizable claim" but also because discovery would not provide one. (*Id.* at 4–5.)

and order do not in conflict. *See, e.g.*, *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA Inc.*, 300 F. App'x 33, 34 (2d Cir. 2008). Here, Judge Pavelle's oral ruling, which explains her decision to dismiss each of Plaintiff's claims in the State Court Action, does not conflict with her corresponding orders.

From the bench, Judge Pavelle made clear that while a dismissal for failure to state a claim "would ordinarily be without prejudice, a *dismissal with prejudice is warranted* where the failure to state a claim is *due to the absence of a cognizable cause of action* and not a technical deficiency that could be cured such as by amendment." (ECF No. 13-3 at 4 (emphasis added).) Judge Pavelle then explicitly concluded that she was dismissing each one of the State Court Action claims because they were not legally cognizable. (*Id.* at 5 ("Plaintiff fails to present a legally-cognizable claim . . . ."), *id.* at 6 (same), *id.* at 7 (same), *id.* at 8 (same), *id.* at 9 (same).) As discussed, Judge Pavelle expressly incorporated her rationale in her orders. (ECF No. 12-4 at 3, 5.) The docket summary of the case disposition does not change the clear effect of Judge Pavelle's orders.

Plaintiff argues that the docket entry creates a factual inconsistency that must be resolved in his favor on a motion to dismiss. (ECF No. 16 at 10, 17.) That argument is misguided. Given the consistency between Judge Pavelle's oral ruling and her orders, not to mention her incorporation of that ruling into her orders and the fact that the State Court Action's docket header lists the case as "[c]losed," Docket Header, *Batista v. City of Bayonne*, HUD-L-2766-25 (N.J. Super. Ct. Feb. 27, 2026) (emphasis added), a mere summary of the case disposition as dismissed without prejudice cannot and does not create the kind of factual conflict that the Court would otherwise be obliged to resolve in Plaintiff's favor, *see City of Pontiac Gen. Employees' Ret. Sys.*, 300 F. App'x at 34.

While courts in the Third Circuit are to "construe ambiguities against claim preclusion," the Third Circuit has also made clear that courts may look to the "record" to discern whether a dismissal is truly ambiguous, *Papera*, 948 F.3d at 611, and that "[l]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 n.8 (3d Cir. 1997) (quoting *Fernandez-Montes v. Allied Pilots Assocs.*, 987 F.2d 278, 284 (5th Cir. 1993)). Drawing upon these teachings and faced with a motion to dismiss that raises New Jersey's unique claim preclusion doctrine, the Court finds Plaintiff's assertion that the State Court Action was not dismissed with prejudice only because the case disposition on the docket so indicates is not the kind of so-called factual assertion the Court must accept.

In sum, *Papera* teaches that the Court may look to the "record" to gauge (or dispel) ambiguity. 948 F.3d at 612. That does not change on a motion to dismiss when the so-called dispute stems from a seven-word case disposition summary. On a motion to dismiss, "[c]ourts *may* take judicial notice of public records, including 'publicly available records and transcripts from judicial proceedings.'" *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (emphasis added) (quoting *Golden v. Cook*, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003)). Based on those kinds of public records, the Court rejects Plaintiff's legal conclusion that the State Court Action was dismissed without prejudice. Put plainly, the Court is capable, even on a motion to dismiss, *id.*, to review another court's orders, rulings, and docket to discern whether that court clearly dismissed a case with prejudice or dismissed a case with such ambiguity that the Court must presume that it did so without prejudice, *Papera*, 948 F.3d at 611. Having done so here, the Court finds Judge Pavelle's orders dismissing the State Court Action were final for purposes of the Entire Controversy Doctrine.

**c. Merits**

Plaintiff disputes the State Court Action was "on the merits." (ECF No. 16 at 13.) Pointing to the fact that the "prior state action was dismissed at the pleading stage," "[n]o discovery occurred," "[n]o depositions were taken," "[n]o body-worn camera evidence was tested," "[n]o municipal policy or custom evidence was developed," "[n]o towing records were produced," "[n]o release-policy records were adjudicated," and "[n]o trial occurred," Plaintiff claims Judge Pavelle merely "addressed the sufficiency of the initial pleading" and "did not adjudicate a developed factual record[] . . . [or] adjudicate the merits of the present federal Complaint." (*Id.*) That argument misunderstands what constitutes a judgment on the merits.

"[A] dismissal based on a court's procedural inability to consider a case will not preclude a subsequent action on the same claim, but a judgment can be preclusive even if it does not result form a plenary hearing on the substantive claims." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 600 (N.J. 1991) (citation omitted). Here, Judge Pavelle dismissed all of the State Court Action claims because she determined each claim was not legally cognizable. (ECF No. 12-3 at 5–10.) As the Court has explained at length, *see supra* Section IIIA.2, Judge Pavelle dismissed these claims with prejudice and that type of a dismissal "constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial," *Dowdell v. Univ. of Med. and Dentistry of N.J.*, 94 F. Supp. 2d 527, 533 (D.N.J. 2000) (quoting *Feinsod v. Noon*, 617 A.2d 1234, 1235 (N.J. Super. App. Div. 1992)). As such, the orders dismissing the claims in the State Court Action were not only valid and final, but also on the merits.

**B. Same Parties**

The Court next addresses whether the State Court Action and the Federal Court Action involve the same parties. *Howard*, 733 F. Supp. 3d at 355. They do. The State Court Action

includes the following defendants: the City, DeNoble, Saleeb, Hanna, and Tumino's. (ECF No. 12-4 at 2, 4.) Plaintiff has included the same defendants here and added the Bayonne Police Department. (ECF No. 1 at 1.) The addition of the Bayonne Police Department, however, does not defeat the applicability of the Entire Controversy Doctrine because municipal police departments like the Bayonne Police Department are not separate entities from the municipalities. *See Henderson v. Voorhees Tp.*, Civ. A. No. 07-141, 2007 WL 2177354, at *2 (D.N.J. 2007) (citing N.J. Stat. Ann. § 40A:14–118).

**C. Same Occurrence**

Finally, the Court must consider whether the claims in the Federal Court Action "grow out of the same . . . occurrence as the claim[s] in the earlier" State Court Action. *McNeil*, 828 A.2d at 859.

In the State Court Action, Plaintiff brought multiple claims: (1) violations of his federal constitutional rights under 42 U.S.C. § 1983 ("Section 1983") and violations of his rights pursuant to the New Jersey Constitution, (2) conversion and trespass, (3) a conspiracy to violate Plaintiff's civil rights pursuant to Section 1983 and New Jersey law, (4) an abuse of authority and breach of the oath of office, (5) defamation *per se* and public humiliation, (6) trademark infringement under the Lanham Act and unjust enrichment under New Jersey law, (7) civil conspiracy pursuant to 18 U.S.C. § 241, (8) deprivation of rights under color of law pursuant to 18 U.S.C. § 242, and (9) breach of peace and the public order pursuant to New Jersey law. (ECF No. 12-2 at 5–25.) All these claims grew out of the following "occurrence": the July 21, 2025 towing and impoundment of the Vehicle. (ECF No. 12-2 at 5.)

Here, Plaintiff has brought the following claims: (1) the unlawful seizure and deprivation of property without due process of law pursuant to Section 1983, (2) the unconstitutional customs,

policies, failure to train, supervise, and ratification pursuant to Section 1983, (3) a civil conspiracy pursuant to 42 U.S.C. § 1985, (4) negligent failure to prevent a civil conspiracy pursuant to 42U.S.C. § 1986, (5) the unconstitutional taking without justification brought under both the United States Constitution and the New Jersey Constitution, (6) a violation of the New Jersey's Predatory Towing Act, (7) the unlawful commercial exploitation of Plaintiff's identity under color of law pursuant to New Jersey law, and the violation of Plaintiff's Fourteenth Amendment right to informational privacy and his right of publicity under New Jersey law, (8) the breach of the oath of office under color of law and authority, (9) the breach of public trust and the fiduciary duty by public officers, (10) defamation *per se* under color of law, and (11) negligence, gross negligence, and reckless disregard for Plaintiff's constitutional rights brought pursuant to both New Jersey law and Section 1983. (ECF No. 1 at 27–63.) These claims nearly mirror the claims in the State Court Action.[8] (*Compare* ECF No. 12-2 at 5–25, *with* ECF No. 1 at 27–63). Moreover, like the claims in the State Court Action, Plaintiff's claims in the Federal Court Action grow out of the July 21, 2025 towing and impoundment of the vehicle. (*Compare* ECF No. 12-2 at 5–25, *with* ECF No. 1 at 27–63).

To try and circumvent the application of the Entire Controversy Doctrine, Plaintiff argues his claims are not precluded because "Defendants continue to withhold his property, continue to impose disputed release barriers, continue to assert towing and storage conditions, and continue depriving [him] of possession, use access, inspection, control, maintenance, movement, sale,

[8] Although Plaintiff includes new claims in the Federal Court Action that he did not raise in the State Court Action, the non-overlapping claims are "germane" to the State Court Action and cannot now be subsequently raised here. *See, e.g., Sparkman v. Wells Fargo Bank, N.A.*, Civ. A. No. 19-2351, 2022 WL 4445402, at *5 (D.N.J. Sept. 23, 2022) (holding the plaintiff's Real Estate Settlement Procedures Act claim was barred by the entire controversy doctrine because it was germane to the state foreclosure proceeding). Put simply, under the Entire Controversy Doctrine, Plaintiff cannot now come to this Court simply because he is not satiated.

transfer and ordinary incidents of ownership." (ECF No. 16 at 17.) According to Plaintiff, what matters for purposes of assessing the application of prelusion doctrines is that these alleged injuries "did not cease when the state complaint was dismissed." (*Id.*) Plaintiff also homes in on the fact that "Defendants have repeatedly relied upon alleged municipal violations as the basis for the seizure, tow, impoundment, and retention of Plaintiff's property," which has supposedly now been "dismissed." (*Id.*)

Plaintiff's arguments are unavailing for several reasons. First, while Plaintiff explains his injuries are ongoing, he is essentially arguing that Judge Pavelle's dismissal of the State Court Action has not put a stop to his supposed harm. (ECF No. 16 at 17–19.) That does not prevent the Court's application of the Entire Controversy Doctrine. Judge Pavelle dismissed each of the State Court Action claims because they were not legally cognizable. (ECF No. 12-3 at 5–9.) As such, to the degree that Plaintiff continues to suffer the harm he complains about, it is because the law, as explained by Judge Pavelle, offers no remedy, which is why she dismissed all of the claims in the State Court Action with prejudice. *See Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927, 930 (3d Cir. 1991) ("Unfortunately for [the plaintiff], it did not prevail[] [and] . . . cannot avoid the consequences of its failure to prevail in state court by taking a second bite of the apple."). Second, while Plaintiff alleges the municipal violations were dismissed after Judge Pavelle issued her orders, he does so only in his opposition to the motion now before the Court (*compare* ECF No. 1 at 1–68, *with* ECF No. 16 a 17), and it is axiomatic that a plaintiff cannot amend a complaint through memorandum filed in opposition to dispositive motions, *see Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Additionally, although Plaintiff cites to "Exhibit G" to show the charges have since been dismissed, there is no such exhibit on the

docket. (*See* ECF No. 1-2 at 1–42 (including only Exhibits A through F); *see also* ECF No. 16-1 (including only Exhibits H through J).)

Because the judgment in the State Court Action was valid, final, on the merits, involve the same parties, and grow out of the same occurrence, the Entire Controversy Doctrine bars the Federal Court Action. Accordingly, Plaintiff's Complaint must be **DISMISSED WITH PREJUDICE** as amendment would be futile.[9] *See Mason v. US Bank*, 2016 WL 7189828, at *6 (D.N.J. Dec. 12, 2016) (citing *In re Burlington Coat Factory*, 114 F.3d at 1434) (dismissing case with prejudice "[b]ecause amending the Complaint could not overcome the entire controversy doctrine[]"). Having determined Plaintiff's Complaint must be dismissed, Plaintiff's motion for a preliminary injunction is **DENIED AS MOOT**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (ECF Nos. 12, 13) are **GRANTED**, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**, and Plaintiff's motion for a preliminary injunction (ECF No. 10) is **DENIED AS MOOT**. An appropriate order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: September 1, 2026

[9] "Because the Court finds that the entire controversy doctrine applies, the Court declines to reach Defendant's other arguments for dismissal." *Pitts v. Bayview Loan Servicing, LLC*, Civ. A. No. 18-633, 2018 WL 6243037, at *6 (D.N.J. Nov. 29, 2018).